(No. 81-CV-0814-)

*In re* APPLICATION OF LEAH JEAN GRUENERT AND HELEN A. McCOY.

*Opinion filed March 28, 1983.*

LEAH JEAN GRUENERT and HELEN A. McCOY, *pro se*, for Claimants.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on December 29, 1980. Leah Jean Gruenert and Helen A. McCoy, former wife and mother, respectively, of. the deceased victim, Jesse Floyd McCoy, Jr., seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on April 1, 1981, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That Jesse Floyd McCoy, age 37, was a victim of a violent crime as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70. par. 72(c)), to wit: voluntary manslaughter. Ill. Rev. Stat. 1979, ch. 38, par. 9—1.

2. That on December 29, 1980, the victim was shot during a verbal dispute with the offender, who was known to him. The incident occurred on the street at 5th and Vermont, Quincy, Illinois. The victim was pronounced dead at the scene of the incident.

3. That the Claimant, Helen A. McCoy, seeks compensation for funeral expenses only. The Claimant, Leah Jean Gruenert, seeks compensation for loss of support for her minor children Leah Jzannette McCoy, age 10, and Maria Ellana McCoy, age 8.

4. That the Claimant, Helen A. McCoy, incurred funeral and burial expenses as a result of the victim's death in the amount of $2,354.95.

5. That pursuant to section 2(h) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(h)), if a divorced or legally separated applicant is claiming loss of support for a minor child of the deceased, the amount of support for each child shall be based upon the amount of support the minor child received pursuant to the decree for the six months prior to the date of the victim's death. Additionally, loss of support is determined on the basis of the victim's average net monthly earnings for the six months prior to the incident.

6. That under the divorce decree in *McCoy v. McCoy*, No. 74 D 1204, filed in the circuit court of the Seventh Judicial Circuit, Sangamon County, Illinois, the victim was ordered to pay child support in the amount of $40.00 per week. The victim was employed at the time of the incident and the Claimant has submitted records from the circuit court clerk's office of Adams County, Illinois, which show that the victim was providing his support obligation during the six months prior to the incident.

7. That the victim's youngest minor child, Maria Ellana McCoy, born July 17, 1972, was 8 years of age at the time of the incident and will attain the age of majority on July 17, 1990, which is 9.5 years after the incident.

8. That, based on the age of her youngest minor child, the Claimant, Leah Jean Gruenert, would have received support payments from the victim in the amount of $40.00 per week for 9.5 years until the child attained the age of majority. The projected loss of support amounts to $19,760.00, which is in excess of $15,000.00, which is the maximum compensable award under section 10.1(f) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(f).

9. That pursuant to section 10.1(e) of the Act, this Court must deduct $200.00 from all claims, (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

10. That the Claimant, Helen A. McCoy, has received $255.00 from the Social Security Administration and $450.00 from the Veteran's Administration as a result of the victim's death that can be counted as applicable deductions under section 7.1(a)(7) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 77.1(a)(7).

11. That after making all the applicable deductions under the Act, the pecuniary loss of the Claimants resulting from the victim's death is in excess of the $15,000.00 maximum allowed in section 10.1(f) of the Act.

12. That the Claimant, Helen A. McCoy, is entitled to an award based on the following:

| | |
|---|---|
| Funeral expenses | $2,354.95 |
| Less Social Security benefits | - 255.00 |
| Less Veteran's Administration Reimbursement | - 450.00 |
| Total | $1,649.95 |

13. That the Claimant, Leah Jean Gruenert, is entitled to an award on behalf of her children based on their projected loss of support in the amount of $19,760.00. As there is a $15,000.00 maximum compensable amount, the Claimant's children are entitled to an award in the amount of $13,350.05.

14. That the Claimant, Leah Jean Gruenert's, interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 81.1.

It is hereby ordered that the sum of $1,649.95 (one thousand six hundred forty-nine dollars and ninety-five cents) be and is hereby awarded to Helen A. McCoy, mother of Jesse Floyd McCoy, Jr., an innocent victim of a violent crime.

It is further ordered that the sum of $13,350.05 (thirteen thousand three hundred fifty dollars and five cents) be and is hereby awarded to Leah Jean Gruenert, former wife of Jesse Floyd McCoy, Jr., an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) $5,350.05 (five thousand three hundred and fifty dollars and five cents) to be paid to Leah Jean Gruenert in a lump sum;

(b) Fifty (50) equal monthly payments of $160.00 (one hundred sixty dollars) each to be paid to Leah Jean Gruenert for the use and benefit of Leah Jzannette McCoy and Maria Ellana McCoy;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.